IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02458-CMA-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

$75,740.00 IN UNITED STATES CURRENCY,
$63,920.00 IN UNITED STATES CURRENCY,
2013 MERCEDES BENZ GL450, VIN: 4JGDF7CE0DA114351,
2011 BMW 1M COUPE, VIN: WBSUR9C53BVP76026,
8394 SOUTH ESTES STREET, LITTLETON, COLORADO, and
5229 SOUTH PARFET WAY, LITTLETON, COLORADO,

Defendants.

## RECOMMENDATION REGARDING ADMINISTRATIVE CLOSURE

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the Court on the Joint Status Report - May 29, 2018 (Docket No. 37). This case was stayed pursuant to 18 U.S.C. 981(g)(2)(A)-(C) pending resolution of related criminal proceedings. (Docket Nos. 28 & 31.) As a result, this case has been stayed for almost ten months. As indicated in the parties' Status Report filed on May 29, 2018, one of the related criminal proceedings is set for trial in November 2018 and another is set for trial in February 2019. (Docket No. 37 at 2.) Accordingly, for administrative purposes, the undersigned recommends that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987). In

1

*Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essential ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id*. at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id*.

This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Atkins v. HCA-HealthONE, LLC*, No. 15-cv-000374-WYD-KLM, 2015 WL 1298507 at *1 (D. Colo. March 19, 2015) (administratively closing case while plaintiff pursued second EEOC claim); *Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D.

Colo. Jan. 21, 2015) (administratively closing case pending arbitration). In this case, it is unclear when all of the related criminal proceedings, including any appeals, will be fully adjudicated. Accordingly, the undersigned **RECOMMENDS** that this case be **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: May 30, 2018  
         Denver, Colorado

*/s/ Michael J. Watanabe*  
Michael J. Watanabe  
United States Magistrate Judge